## SUPREME COURT — APPELLATE DIVISION — THIRD DEPARTMENT.

### January 10, 1923.

## MATTER OF GEORGE SCHLOER v. RATTIGAN, WARDEN, ETC.

### (204 App. Div. 205.)

PAROLE—PRISONER CONVICTED OF ATTEMPT TO AID ANOTHER PRISONER TO ESCAPE—PRISONER PREVIOUSLY CONVICTED THREE TIMES OF FELONIES—LIFE SENTENCE IMPOSED UNDER PENAL LAW, § 1942—APPLICATION FOR PAROLE AFTER EXPIRATION OF PERIOD EQUAL TO MAXIMUM PENALTY FOR CRIME OF WHICH PRISONER WAS CONVICTED—BOARD OF PAROLE HAD JURISDICTION UNDER PENAL LAW; § 1942, OF APPLICATION WITHOUT DIRECTION OF GOVERNOR—BOARD OF PAROLE MUST ACT ON APPLICATION WHERE TERM HAS ACTUALLY EXPIRED BY STATUTE OR BY ACT OF GOVERNOR COMMUTING SENTENCE—PENAL LAW, § 1942, DOES NOT INFRINGE ON POWERS OF GOVERNOR—MAXIMUM TERM HAVING EXPIRED, THERE WAS NO NEED FOR REPORT TO GOVERNOR.

The Board of Parole for State Prisons has jurisdiction and will be compelled by a peremptory mandamus order to hear and determine the application of a prisoner for parole under section 1942 of the Penal Law where it appears that the prisoner was convicted of the crime of attempting to aid another prisoner to escape; that he had been previously convicted of felonies three times: that he was sentenced for life under said section and that at the time of his application for parole he had served a period of time equal to the maximum penalty prescribed for the offense of which he was convicted.

Jurisdiction of the Board of Parole does not depend upon a direction by the Governor to consider the application after recommendation by the Prison Board.

The Board of Parole must act on a proper application made to it when the prisoner's term has actually expired, as in the present case, or when his term has expired by act of the Governor in commuting his sentence.

Section 1942 of the Penal Law does not infringe upon the pardoning powers of the Governor.

The expression in section 1942 of the Penal Law "less the usual commutation for good conduct" does not affect this case, since at the time of the application the prisoner had served the maximum term prescribed

for the offense of which he was convicted and there was no occasion for a report to, and a determination by, the Governor fixing the expiration of that term.

APPEAL by the defendants, Charles F. Rattigan and others, from a peremptory mandamus order of the Supreme Court, made at the Clinton Trial and Special Term and entered in the office of the clerk of the county of Clinton on the 19th day of April, 1922, directing the defendants at their next regular stated meeting to be held at Clinton Prison to hear and determine the application of the petitioner for parole.

*Charles D. Newton, Attorney General (Henry C. Henderson, Deputy Attorney General,* of counsel), for the appellants.

*Wallace E. Pierce,* for the respondent.

VAN KIRK, J.:

George Schloer had been three times convicted of felonies. He was indicted for aiding the escape of a prisoner. On December 11, 1916, he was convicted, a fourth offense, " of the crime of attempted aiding escape of prisoner." He was sentenced under section 1942 of the Penal Law for the term of his natural life. There is no special provision of the statute providing punishment for the crime for which Schloer was convicted. The maximum punishment for the crime for which he was indicted is seven years (Penal Law, §§ 1935, 1696), and for the crime of which he was convicted the punishment is three and one-half years. (Penal Law, § 261.) Schloer having been convicted December 11, 1916, his maximum term prescribed for the offense " of which he is convicted," three and one-half years, had expired when he made his application to the Board of Parole on the 12th day of June, 1920; which application the Board refused to entertain and thereupon the order appealed from was made. We are of the opinion that the order was properly granted.

Section 1942 of the Penal Law, under which Schloer was sentenced, is as follows: "A person who, after having been three times convicted within this State, of felonies or attempts to commit felonies, or under the law of any other State, government or country, of crimes which if committed within this State would be felonious, commits a felony within this State, shall be sentenced upon conviction of such fourth, or subsequent, offense to imprisonment in a State prison for the term of his natural life, but after serving a period of time equal to the maximum penalty prescribed for the offense of which he is convicted, less the usual commutation for good conduct, shall become subject to the jurisdiction of the board of commissioners of paroled prisoners, and may be paroled upon such conditions as said board may prescribe, but said board shall not grant an absolute discharge to such prisoner." The State takes the position that the Board of Parole is powerless to hear the application of Schloer, or grant him parole, until directed by the Governor after recommendation of the Prison Board, which board is not a party to this proceeding.

Section 210 of the Prison Law provides that the Board of Parole " shall have all the powers and perform all the duties now devolving by law upon the board of commissioners for paroled prisoners for the State prisons." (See, also, Laws of 1910, chap. 703, and Laws of 1918, chap. 29, amdg. said § 210.) The powers and duties of this board of commissioners were first defined and granted by the Laws of 1889, chapter 382, amending the Revised Statutes (Pt. 4, chap. 3, tit. 2) relating to State prisons. By section 74 of said title of the Revised Statutes, as amended by this act, indeterminate sentences in felony cases, instead of definite sentences for fixed terms, were authorized; by section 75 the board of commissioners of paroled prisoners for each prison was constituted; by section 76 it was provided that " at each meeting of said board held at such prison, every prisoner confined in said prison upon an indeterminate sentence, whose minimum term of sentence

has expired, shall be given an opportunity to appear before such board and apply for his release upon parole * * * and said board is hereby prohibited from entertaining any other form of application or petition for the release upon parole * * * of any prisoner;" and by section 78: "If it shall appear to said board of commissioners of paroled prisoners * * * that there is reasonable probability that such applicant will live and remain at liberty without violating the law, then said board of commissioners may authorize the release of such applicant upon parole, and such applicant shall thereupon be allowed to go upon parole outside of said prison walls and inclosure upon such terms and conditions as said board shall prescribe, but to remain, while so on parole, in the legal custody and under the control of the agent and warden of the State prison from which he is so paroled, until the expiration of the maximum term specified in his sentence * * * ." The jurisdiction of the Parole Board was so far limited to indeterminate sentences and has so remained, save in two classes of cases: (1) By Laws of 1901, chapter 260, the jurisdiction of the Board of Parole was extended to every first term prisoner confined in a State prison for a felony under a definite sentence, the maximum penalty for which felony is imprisonment for five years or less exclusive of fines, section 74 of said title of the Revised Statutes as amended by that statute declaring that the minimum and maximum terms of the sentences of such prisoners are hereby fixed and determined to be as follows: " The definite term for which each such person is sentenced shall be the maximum limit of his term and one-third of the definite term of his sentence shall be the minimum limit of his term," thus converting the definite sentence into an indeterminate sentence and bringing the case within the jurisdiction of the board; (2) by section 1942 of the Penal Law, under which Schloer was sentenced. By chapter 467 of the Laws of 1907, amending section 75 (supra), a system of credits to be earned by each prisoner as a condition of release by parole

is directed to be adopted by the Board of Parole established by that act as successor to the former board of commissioners for paroled prisoners for the State prisons; and by section 76, as thus amended, each prisoner is permitted one month prior to the expiration of his minimum term, to make application in writing for his release upon parole and the board is forbidden from entertaining any other form of application.

It thus appears that the jurisdiction of the Board of Parole is confined, with one exception (under section 1942, *supra*), to indeterminate sentences; and, when the minimum term has expired, the Board of Parole has jurisdiction to hear the application for parole and to grant a parole in its discretion under the instruction of the statute.

The Parole Board does not commute or allow commutation or compensation. The warden of each prison must send monthly to the Governor a report of any convict whose term may be diminished by commutation or compensation earned. (Prison Law, § 233, as amd. by Laws of 1916, chap. 358.) The Prison Board is constituted to apply the rules formulated to govern the allowance or disallowance of commutation or compensation earned (Id., § 235, as amd. by Laws of 1916, chap. 358); and once a month shall determine the amount of commutation and compensation to be allowed to each convict and may recommend the withholding of any allowance and make report thereof to the Governor. (Id., § 236, as amd. by Laws of 1916, chap. 358.) The Governor is to examine these reports and may in his discretion allow or disallow a diminution of sentence. In cases within the jurisdiction of the Parole Board he prepares duplicate lists, with an order directing what diminution of sentence, if any, shall be allowed and fixing the expiration of the minimum term. He transmits one of these lists to the Parole Board and the other to the warden. (Id., § 242, as amd. by Laws of 1916, chap. 358, and Laws of 1921, chap. 567.) Thus it is the Governor and not the Parole Board which allows commutation or compensation and fixes the expiration

of the term; and the Parole Board may act only (1) when the term has actually expired, or (2) when the Governor has fixed the expiration of the term. Either of these conditions having been complied with, the Parole Board or Board of Parole must act on proper application made to it.

It thus appears that jurisdiction of the Parole Board does not cover reprieves, commutations or pardons, the right to grant which rests in the Governor. (State Const., art. 4, § 5.) The minimum sentence in each case, as imposed by the court, or as diminished by the Governor, must have expired before it can act. Section 1942 of the Penal Law does not infringe upon the powers of the Governor. It does not give to the Parole Board, or to any other agent of the State, the power to pardon or lessen the term of the sentence. The sentence imposed by the court was made in the light of and under the terms of the statute. The statute fixed the term for which sentence should be imposed and the conditions under which the sentence should be executed. The Parole Board does not pardon, nor release the prisoner from his sentence. He is still a convict, subject to rearrest and imprisonment during the period of his maximum term. The expression in section 1942 of the Penal Law, " less the usual commutation for good conduct," in no wise affects this case. The maximum term prescribed for the offense of which he is convicted having expired, there was no occasion for a report to, and a determination by, the Governor fixing the expiration of that term.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

Present—H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK, HINMAN and HASBROUCK, JJ.

Order unanimously affirmed, with ten dollars costs and disbursements.